Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Kevin Valsi (SBN 274704)
kvalsi@taulersmith.com
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
Telephone: (310) 590-3927

Attorneys for Plaintiff
JST DISTRIBUTION, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JST DISTRIBUTION, LLC, a Texas Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> CNV.COM, INC. (d/b/a SEXTOY.COM, d/b/a CONDOMS.COM), a California Corporation, DARLING ENTERPRISES, LLC (d/b/a/ VENUS PLEASURES), a Michigan Limited Liability Company, CRATON ENTERTAINMENT, LLC (d/b/a SEXY SUZ COUPLES BOUTIQUE, d/b/a THE LOVE LIBRARY), a Georgia Limited Liability Company, SECRET DESIRES, LLC, a California Limited Liability Company, LOVE WORKS, LLC, a Louisiana Limited Liability Company, KNOCK FIRST, LLC, a Maryland Limited Liability Company, PYNCO, INC. (d/b/a LOVE STUFF AND MORE), an Indiana Corporation, LOVEJOYS | CASE NO. 2:17-cv-6264 <br><br> **(1)  FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT § 43 (a)(1)(B); AND** <br><br> **(2)  VIOLATION OF THE CIVIL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)** <br><br> **[DEMAND FOR A JURY TRIAL]** |

THE ROMANCE SHOPPE, LLC, a
New Jersey Limited Liability
Company, GLOBAL VIDEO, INC.
(d/b/a EXCITEMENT ADULT
SUPERSTORES), a Pennsylvania
Corporation, CRICKET STORE 17,
LLC (d/b/a TABOO ADULT
SUPERSTORE), a South Carolina
Limited Liability Company, KEVIN
BAILEY, an Individual (d/b/a OPEN
MINDS ADULT VIDEO &
NOVELTY), G.R. ENTERPRISE
INC., (d/b/a IMAGO), a Vermont
Corporation, THOMAS J.
PHILLIPPS, an Individual (d/b/a
FLESH AND FANTASY ADULT
SEX TOYS), ANNABELLE'S OF
SOUTH DAKOTA, LLC, a Nevada
Limited Liability Company,
OLIVIA'S OF SOUTH DAKOTA,
LLC, a South Dakota Limited
Liability Company, MIDNIGHT
BOUTIQUE LINGERIE, INC, a
Maine Corporation, NIGHT
DREAMS, INC., a Florida
Corporation, TRAIL BOOK AND
VIDEO, INC., a Florida Corporation,
and DOES 1 through 100, inclusive,

Defendants.

**COMPLAINT**

Plaintiff JST Distribution, LLC ("JST Distribution" or "Plaintiff"), by and through its undersigned attorneys, submits this Complaint against defendants CNV.com, Inc. (d/b/a SexToy.com, d/b/a Condoms.com), a California Corporation ("CNV"), Darling Enterprises, LLC (d/b/a/ Venus Pleasures), a Michigan Limited Liability Company ("Darling Enterprises"), Craton Entertainment, LLC (d/b/a Sexy Suz Couples Boutique, d/b/a The Love Library), a Georgia Limited Liability Company ("Craton Entertainment"), Secret Desires, LLC, a California Limited Liability Company ("Secret Desires"), Love Works, LLC, a Louisiana Limited Liability Company ("Love Works"), Knock First, LLC, a Maryland Limited Liability Company ("Knock First"), Pynco, Inc. (d/b/a Love Stuff and More), an Indiana Corporation ("Pynco"), Lovejoys The Romance Shoppe, LLC, a New Jersey Limited Liability Company ("Lovejoys"), Global Video, Inc. (d/b/a Excitement Adult Superstores), a Pennsylvania Corporation ("Global Video"), Cricket Store 17, LLC (d/b/a Taboo Adult Superstore), a South Carolina Limited Liability Company ("Taboo Adult Superstore"), Kevin Bailey, an Individual (d/b/a Open Minds Adult Video & Novelty) ("Open Minds"), G.R. Enterprise Inc., (d/b/a Imago), a Vermont Corporation ("G.R. Enterprise"), Thomas J. Phillipps, an individual (d/b/a Flesh and Fantasy Adult Sex Toys) ("Flesh and Fantasy"), Annabelle's of South Dakota, LLC., a Nevada Limited Liability Company ("Annabelle's"), Olivia's of South Dakota, LLC, a South Dakota Limited Liability Company ("Olivia's"), Midnight Boutique Lingerie, Inc., a Maine Corporation ("Midnight Boutique"), Night Dreams, Inc., a Florida Corporation ("Night Dreams"), Trail Book and Video, Inc., a Florida Corporation ("Trail Book and Video"), and Does 1 through 100, inclusive, and in support thereof, avers as follows:

## INTRODUCTION

1.      Defendant CNV is at the center of a massive hub-and-spoke conspiracy to distribute tainted "male enhancement" pills containing undisclosed pharmaceuticals to the general public.  Specifically, CNV distributes various sexual enhancement products, including but not limited to, Black 3K Plus Male Sexual Enhancement Capsules, Black

Panther, ExtenZone, MaxTreme Zen, Rhino 5 1500, Rhino Big Horn 3000, Rhino 9 Premium 3500, Rhino X, RockHard Weekend, Super Panther 7k and Triple PowerZEN Gold (collectively, the "Enhancement Products"). All of the Enhancement Products have been the subject of testing by the FDA and been found to contain the drug Sildenafil.

2.    CNV distributes the Enhancement Products through a network of co-conspirators, named herein as co-defendants (the "Conspiracy Defendants"), who own and operate independent websites selling the Enhancement Products, as well as share in profits from the sale of the illegal and dangerous products.

3.    Plaintiff, the manufacturer of a competing product called "Powerful Desire," has demanded that Defendants cease and desist from the sale of the Illicit Products on the grounds that their sale of mislabeled products violates the Lanham Act. In this regard, all of the Illicit Products contain false statements, including that the Illicit Products are "all natural" and contain "no harmful synthetic chemicals" with "no prescription necessary." Aside from these patently false statements, Defendants have failed to disclose the true nature of the Illicit Products to its customers, even though they are aware of their dangerous secret ingredients.

4.    Defendants' disregard for the law speaks volumes about the illegal male enhancement supplement industry that has flourished in the shadows of weak regulatory and criminal enforcement of nutritional supplement laws. CNV and the Conspiracy Defendants have made significant profits selling dangerous products and remain cavalier about their future prospects despite engaging in illegal activity openly. In this regard, the FDA has issued several public notices regarding the use of Sildenafil in over the counter "male enhancement" supplements, but has only pursued criminal action intermittently.

5.    Thus, Plaintiff's only recourse is a civil action to protect the commercial interests recognized by the Lanham Act and to expose the civil conspiracy. As such,

Defendant has knowingly and materially participated in a false and misleading advertising campaign to promote and sell its Enhancement Products, giving consumers the false impression that these products are safe; when in reality, Defendants are well aware that the Enhancement Products contain hidden drug ingredients that require a prescription from a medical doctor.

6.      Defendants' false and misleading advertising is harmful to the dietary supplement industry as a whole and to individual consumers.  Defendants have created an illegitimate marketplace of consumers seeking to enhance their sexual performance, but who are not informed or are misinformed of the serious dangers of using Defendant's Illicit Products.  Consumers of the Illicit Products have little or no incentive to use legitimate and safe sexual performance enhancement products, such as Plaintiff's product, "Powerful Desire," until they are injured or Defendant's Illicit Products are taken off of the shelves.  Defendant's continuing false, misleading, illegal, and deceptive practices have violated the Lanham Act, have unjustly enriched Defendant at the expense of JST Distribution, and have caused JST Distribution extensive and irreparable harm, including but not limited to, loss of revenue, disparagement, and loss of goodwill.

7.      Among other things, this action seeks to enjoin Defendant from the marketing and sale of any and all of its Illicit Products, and pursue the full range of damages available to it under the Lanham Act and RICO statutes.

8.      Defendants make numerous false and misleading representations regarding the Enhancement Products.  For example, and without limitation, Defendants advertise and promote the Enhancement Products as containing "no chemicals," having an "all natural herbal formula," and "no prescription necessary," among other misrepresentations.

9.      Moreover, Defendants fail to disclose that the Enhancement Products contain prescription drug ingredients, such as sildenafil.  The sale of products containing hidden drug ingredients (without requiring a prescription and without informing

consumers of the health and safety risks of these prescription drugs) is unlawful and seriously endangers consumers.  In this regard, Defendants also fail to disclose any of the adverse health consequences of taking sildenafil.  These undisclosed ingredients may interact with nitrates found in some prescription drugs such as nitroglycerin and may lower blood pressure to dangerous levels, among other negative side effects.

10.     In fact, in one tragic publicized case, a man without a prescription placed an order over the Internet for the drug Viagra and later suffered a heart attack.[1]  A proper check-up and review of his medical history would have shown a family history of heart disease, which is a contraindication for the drug.  A responsible physician would not have prescribed Viagra to a patient with a history of heart disease.

11.     Defendants have knowingly and materially participated in a false and misleading advertising campaign to promote and sell their Enhancement Products, giving consumers the false impression that these products are "all-natural" and do not require a prescription.  In reality, Defendants knew, or should have known, that their Enhancement Products contain hidden drug ingredients and actually require a prescription from a medical doctor.

12.     Defendants' continuing false, misleading, illegal, and deceptive practices have violated the Lanham Act and have unjustly enriched Defendants at the expense of JST Distribution, and have caused JST Distribution extensive and irreparable harm, including but not limited to, loss of revenue, disparagement, and loss of goodwill.

13.     Among other things, this action seeks to enjoin Defendants from the distribution, marketing, and/or sale of any and all of their Enhancement Products, as Defendants are illegally and falsely marketing such products in violation of the Lanham Act and the Civil Racketeer Influenced and Corrupt Organizations Act of 1970.

---

[1] Naftali Bendavid, *Prescriptions Via Internet Pose Dangers Doctors Fear Patients Will Skip Supervision, Checkups*, CHI. TRIB., June 16, 1999, § 4, at 1.

**COMPLAINT**

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. 1332 (diversity jurisdiction) because Plaintiff asserts causes of action arising under federal law and the parties are citizens of different states and the controversy exceeds the value of $75,000.

15.    This Court has personal jurisdiction over Defendants because they have, directly or through their intermediaries (including distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold, and advertised their products in the United States, the State of California, and this district, including but not limited to, the Enhancement Products.  Defendants have purposefully and voluntarily placed these products into the stream of commerce with the expectation that they will be purchased in this district.

16.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claim occurred in this district.  *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009).  Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## PARTIES

17.    Plaintiff JST Distribution is a Texas limited liability company, which lists as its principal place of business:  26029 Aldine Westfield Rd., Ste. 206, Spring, Texas, 77373.

18.    Upon information and belief, defendant CNV is a California corporation, which lists as its principal place of business:  8842 Evanview Dr., Los Angeles, California 90069-1329.

19.     Upon information and belief, defendant Darling Enterprises is a Michigan limited liability company, which lists as its principal place of business:  1907 Industrial Blvd., Kilgore, Texas, 75662.

20.     Upon information and belief, Craton Entertainment is a Georgia limited liability company, which lists as its principal place of business:  4124 Atlanta Hwy., Athens, Georgia, 30606.

21.     Upon information and belief, defendant Secret Desires is a California limited liability company, which lists as its principal place of business:  1645 Sepulveda Blvd., #5, Torrance, California, 90501.

22.     Upon information and belief, defendant Love Works is a Louisiana limited liability company, which lists as its principal place of business:  201 Westmark Blvd., Lafayette, Louisiana, 70506.

23.     Upon information and belief, defendant Knock First is a Maryland limited liability company, which lists as its principal place of business:  765 Rockville Pike, Suite 1, Rockville, Maryland, 20852.

24.     Upon information and belief, defendant Pynco is an Indiana corporation, which lists as its principal place of business:  4494 US-130, Burlington, New Jersey, 8016.

25.     Upon information and belief, defendant Lovejoys is a New Jersey limited liability company, which lists as its principal place of business:  Rio Mall, 1127 NJ-47 #102, Rio Grande, New Jersey, 08242.

26.     Upon information and belief, defendant Global Video is a Pennsylvania corporation, which lists as its principal place of business:  3401 Hartzdale Dr., #201, Camp Hill, Pennsylvania, 17011.

27.     Upon information and belief, defendant Taboo Adult Superstore is a South Carolina limited liability company, which lists as its principal place of business:  4716 Devine St., Columbia, South Carolina, 29209.

**COMPLAINT**

28.     Upon information and belief, defendant Open Minds is an individual residing in Texas, which lists as its principal place of business:  2125 Anthony Dr., Tyler, Texas, 75701.

29.     Upon information and belief, defendant G.R. Enterprise is a Vermont limited liability company, which lists as its principal place of business:  257 Jasper Mine Rd., Colchester, Vermont, 5446.

30.     Upon information and belief, defendant Flesh and Fantasy is an individual residing in Connecticut, which lists as its principal place of business:  33 Rockwood Ave., Ansonia, Connecticut, 6401.

31.     Upon information and belief, defendant Annabelle's is a Nevada limited liability company, which lists as its principal place of business:  1212 East Benson Rd., Sioux Falls, South Dakota, 57104.

32.     Upon information and belief, defendant Olivia's is a South Dakota limited liability company, which lists as its principal place of business:  27094 Katie Rd., Tea, South Dakota, 57064.

33.     Upon information and belief, defendant Midnight Boutique is a Maine corporation, which lists as its principal place of business:  571 Main St., Lewiston, Maine, 4240.

34.     Upon information and belief, defendant Night Dreams is a Florida corporation, which lists as its principal place of business:  10600 Land O' Lakes Blvd., Land O' Lakes, Florida, 34638.

35.     Upon information and belief, defendant Trail Book and Video is a Florida corporation, which lists as its principal place of business:  7350 SW 8th St., Miami, Florida, 33144.

36.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1- 100, inclusive, and therefore sued these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities

when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

### Plaintiff and "Powerful Desire"

37.     Plaintiff JST Distribution manufactures and offers for sale the product, "Powerful Desire," a male sexual performance enhancement pill.  JST Distribution also owns and operates the online retail website powerfuldesire.com, which advertises and offers for sale Powerful Desire.  Powerful Desire is an all-natural pill, which primarily contains the ingredients Arginine alpha AKG, Di-Arginine Malate, Agmatine, Vanadyl Sulfate, L Taurine, Glycerol Monostearate and Methylsulfonylmethane.

### Defendants and The Enhancement Products

38.     CNV is a distributor of various sexual enhancement supplements.  CNV supplies its sexual enhancement products to numerous online retailers, including the Conspiracy Defendants.

39.     Defendants advertise and offer for sale various sexual enhancement supplements, including but not limited to, Black 3K Plus Male Sexual Enhancement Capsules, Black Panther, ExtenZone, MaxTreme Zen, Rhino 5 1500, Rhino Big Horn 3000, Rhino 9 Premium 3500, Rhino X, RockHard Weekend, Super Panther 7k and Triple PowerZEN Gold (the "Enhancement Products").

40.     Defendants make numerous false and misleading representations regarding the Enhancement Products.  For example, and without limitation, Defendants mislabel the Enhancement Products as "dietary supplements," and advertise and promote such products as containing "no chemicals," "all natural herbal formula," and "no prescription necessary," among other misrepresentations.

41.    Specifically, Defendant Darling Enterprises is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.venuspleasures.com. Defendant Darling Enterprises offers on its site Black Panther, which falsely claims to have "NO HARMFUL synthetic chemicals", is "ALL NATURAL" and "NO PRESCRIPTION necessary." Defendant Darling Enterprises also sells Rhino 9 Premium 3500, which falsely claims "Better Ejaculation Control, NO Limits" and "No Prescription necessary." These statements are false because Black Panther and Rhino 9 Premium 3500 contain Sildenafil, a synthetic pharmaceutical with profound side effects. Defendant Darling Enterprises has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

42.    Defendant Craton Entertainment is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.sexysuzonline.com. Defendant Craton Entertainment offers on its site Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary." These statements are false because Rhino 9 Premium 3500 contains Sildenafil, a synthetic pharmaceutical with profound side effects. Defendant Craton Entertainment has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

43.    Defendant Secret Desires is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.secretd.net. Defendant Secret Desires offers on its site Rhino 5 1500, which falsely claims to be "Doctor Designed", "NATURAL FORMULA" and "No Prescription Necessary." Defendant Secret Desires also sells Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary." These statements are false because Rhino 5 1500 and Rhino 9 Premium 3500 contain Sildenafil, a synthetic pharmaceutical with profound side effects. Defendant Secret Desires has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

**COMPLAINT**

44.     Defendant Love Works is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.loveworksonline.com. Defendant Love Works offers on its site Rhino 5 1500, which falsely claims to be "Doctor Designed", "NATURAL FORMULA" and "No Prescription Necessary." Defendant Love Works also sells Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary." These statements are false because Rhino 5 1500 and Rhino 9 Premium 3500 contain Sildenafil, a synthetic pharmaceutical with profound side effects. Defendant Love Works has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

45.     Defendant Knock First is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.shop.knockfirst.com. Defendant Knock First offers on its site Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary." These statements are false because Rhino 9 Premium 3500 contains Sildenafil, a synthetic pharmaceutical with profound side effects. Defendant Knock First has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

46.     Defendant Pynco is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.lovestuffandmore.com. Defendant Pynco offers on its site Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary." These statements are false because Rhino 9 Premium 3500 contains Sildenafil, a synthetic pharmaceutical with profound side effects. Defendant Pynco has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

47.     Defendant LoveJoys is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.lovejoysnj.com. Defendant LoveJoys offers on its site Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary." These statements are false because

Rhino 9 Premium 3500 contains Sildenafil, a synthetic pharmaceutical with profound side effects.  Defendant LoveJoys has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

48.    Defendant Global Video is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.iloveexcitement.com. Defendant Global Video offers on its site Rhino 5 1500, which falsely claims to be a "NATURAL FORMULA", "Guaranteed Enhancement" and "No Prescription Necessary."  Defendant Global Video also sells Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary."  These statements are false because Rhino 5 1500 and Rhino 9 Premium 3500 contain Sildenafil, a synthetic pharmaceutical with profound side effects.  Defendant Global Video has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

49.    Defendant Taboo Adult Superstore is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.tabooadultstore.com. Defendant Taboo Adult Superstore offers on its site Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary."  These statements are false because Rhino 9 Premium 3500 contains Sildenafil, a synthetic pharmaceutical with profound side effects. Defendant Taboo Adult Superstore has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

50.    Defendant Open Minds is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.openmindsonline.adultshopping.com.  Defendant Open Minds offers on its site Rhino 5 1500, which falsely claims to be "Doctor Designed", "NATURAL FORMULA" and "No Prescription Necessary."  Defendant Open Minds also sells Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary." These statements are false because Rhino 5 1500 and Rhino 9 Premium 3500 contain

Sildenafil, a synthetic pharmaceutical with profound side effects. Defendant Open Minds has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

51.     Defendant G.R. Enterprise is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.imagoxxx.wtustorebuilder.com. Defendant G.R. Enterprise offers on its site Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary." These statements are false because Rhino 9 Premium 3500 contains Sildenafil, a synthetic pharmaceutical with profound side effects. Defendant G.R. Enterprise has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

52.     Defendant Flesh and Fantasy is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.fleshandfantasyadultsextoys.com. Defendant Flesh and Fantasy offers on its site Rhino 5 1500, which falsely claims to be "Doctor Designed", "NATURAL FORMULA" and "No Prescription Necessary." Defendant Flesh and Fantasy also sells Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary." These statements are false because Rhino 5 1500 and Rhino 9 Premium 3500 contain Sildenafil, a synthetic pharmaceutical with profound side effects. Defendant Flesh and Fantasy has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

53.     Defendant Annabelle's is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.annabelles.com. Defendant Annabelle's offers on its site Rhino 5 1500, which falsely claims to be "Doctor Designed", "NATURAL FORMULA" and "No Prescription Necessary." Defendant Annabelle's also sells Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary." These statements are false

because Rhino 5 1500 and Rhino 9 Premium 3500 contain Sildenafil, a synthetic pharmaceutical with profound side effects.  Defendant Annabelle's has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

54.     Defendant Olivia's is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.oliviassupercenter.com. Defendant Olivia's offers on its site Black Panther, which falsely claims to have "NO HARMFUL synthetic chemicals," is "ALL NATURAL", and "NO PRESCRIPTION necessary."  Defendant Olivia's also sells Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary."  These statements are false because Black Panther and Rhino 9 Premium 3500 contain Sildenafil, a synthetic pharmaceutical with profound side effects.  Defendant Olivia's has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

55.     Defendant Midnight Boutique is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.midnightboutiquelingerie.com.  Defendant Midnight Boutique offers on its site Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary."  These statements are false because Rhino 9 Premium 3500 contains Sildenafil, a synthetic pharmaceutical with profound side effects. Defendant Midnight Boutique has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

56.     Defendant Night Dreams is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.nightdreams-florida.wtustorebuilder.com.  Defendant Night Dreams offers on its site Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary."  These statements are false because Rhino 9 Premium 3500 contains Sildenafil, a synthetic pharmaceutical with profound side effects.  Defendant Night

Dreams has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

57.     Defendant Trail Book and Video is part of the conspiracy because it has contracted with CNV to sell Enhancement Products on its website, www.1stoppleasureshop.com.  Defendant Trail Book and Video offers on its site Rhino 9 Premium 3500, which falsely claims "NATURAL FORMULA" and "No Prescription necessary."  These statements are false because Trail Book and Video contains Sildenafil, a synthetic pharmaceutical with profound side effects.  Defendant Trail Book and Video has profited from the conspiracy by obtaining a portion of each sale of the Enhancement Products.

58.     Defendants' false and misleading advertising is harmful to the dietary supplement industry as a whole and to individual consumers.  Defendants have created an illegitimate marketplace of consumers seeking to enhance their sexual performance, but who are not informed (or misinformed) of the serious dangers of using the Enhancement Products.

59.     Consequently, consumers of the Enhancement Products have little or no incentive to use other sexual performance enhancement products, such as Powerful Desire, until they are injured or the Enhancement Products are taken off the shelves.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

60.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

61.     Defendants advertise and offer for sale various sexual enhancement supplements, including but not limited to, Black 3K Plus Male Sexual Enhancement Capsules, Black Panther, ExtenZone, MaxTreme Zen, Rhino 5 1500, Rhino Big Horn

3000, Rhino 9 Premium 3500, Rhino X, RockHard Weekend, Super Panther 7k and Triple PowerZEN Gold (the "Enhancement Products").

62.     Defendants make numerous false and misleading representations regarding the Enhancement Products.  For example, and without limitation, Defendants mislabel the Enhancement Products as "dietary supplements" and advertise and promote such products as containing "no chemicals," "NATURAL FORMULA," and "no prescription necessary," among other misrepresentations.

63.     Contrary to Defendants' representations, recent laboratory analyses by the FDA and otherwise have confirmed that the Enhancement Products unlawfully contain hidden drug ingredients, such as sildenafil.  Sildenafil is the active ingredient in the FDA-approved prescription drug Viagra, which is used to treat erectile dysfunction. Thus, the Enhancement Products are not "dietary supplements" as a matter of law, and Defendants' representations to the contrary are false and misleading for this reason alone.

64.     Moreover, Defendants fail to disclose that the Enhancement Products contain prescription drug ingredients, such as sildenafil.  The sale of products containing hidden drug ingredients (without requiring a prescription and without informing consumers of the health and safety risks of these drugs) is unlawful and seriously endangers consumers.  In this regard, Defendants also fail to disclose any of the adverse health consequences of taking PDE-5 Inhibitors, such as sildenafil, tadalafil and vardenafil.  According to the FDA, these undisclosed ingredients may interact with nitrates found in some prescription drugs such as nitroglycerin and may lower blood pressure to dangerous levels, among other negative side effects.

65.     Defendants have knowingly and materially participated in a false and misleading advertising campaign to promote and sell their Enhancement Products, giving consumers the false impression that these products are "all-natural" "dietary supplements," which do no require a prescription.  In reality, Defendants knew, or should

**COMPLAINT**

have known, that their Enhancement Products contain hidden drug ingredients and actually require a proper prescription from a medical doctor.

66.     The use of such falsely advertised products has the tendency to deceive a substantial segment of the public and consumers, including those in California, into believing that they are purchasing a product with drastically different characteristics.

67.     The deception is material because it is likely to influence a consumer's purchasing decisions, especially if the consumer is concerned about the consequences of taking certain prescription drugs without the supervision of a medical doctor.

68.     Defendants have introduced their false and misleading statements into interstate commerce via marketing and advertising on various websites and shipment of their products containing false and misleading advertising into interstate commerce.

69.     Plaintiff has been injured as a result of Defendants' false and misleading statements.  Specifically, Defendants' false and misleading advertising concerning the Enhancement Products has negatively impacted Plaintiff's sales of Powerful Desire, as both products are intended for sexual performance enhancement and target the same consumers.  Thus, Defendants' false and misleading representations regarding the Enhancement Products have resulted in the diversion of sales from Plaintiff and lost profits.

70.     Defendants' actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of their products in violation of Section 43(a)(1)(B) of the Lanham Act.

## SECOND CLAIM FOR RELIEF

**(Violation of the Civil Racketeer Influenced and Corrupt Organizations Act)**

71.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

72.    Defendants are engaged in a long-term scheme to defraud and mislead consumers by way of their false and misleading labeling and advertisements concerning the Enhancement Products, which they unlawfully distribute, market, and offer for sale. In this regard, CNV supplies and distributes the Enhancement Products to the Retail Defendants, which then sell the Enhancement Products to consumers.  Upon information and belief, CNV and the Conspiracy Defendants participate in a profit-sharing arrangement, whereby the Conspiracy Defendants share in any profits realized from their sale of the Enhancement Products.

73.    As detailed above, Defendants mislabel, advertise, and offer for sale the Enhancement Products as "dietary supplements."  Defendants falsely claim that these products contain "no chemicals," are composed of an "all natural herbal formula," and do not require a prescription, among other misrepresentations.  Defendants make these misrepresentations despite the fact that they know (or should know) that such products unlawfully contain hidden prescription drug ingredients.

74.    Indeed, Defendants fail to disclose that the Enhancement Products contain drug ingredients, such as sildenafil—a prescription drug.  The sale of products containing undisclosed drug ingredients (without requiring a prescription and without informing consumers of the health and safety risks of these drugs) is unlawful and seriously endangers consumers.  In this regard, Defendants also fail to disclose any of the adverse health consequences of taking PDE-5 Inhibitors, such as sildenafil, tadalafil and vardenafil.  According to the FDA, these undisclosed ingredients may interact with nitrates found in some prescription drugs such as nitroglycerin and may lower blood pressure to dangerous levels, among other negative side effects.

75.    Thus, Defendants market and sell the Enhancement Products using false and fraudulent labeling claims and representations, in violation of federal law.

**COMPLAINT**

76.     Defendants have knowingly sold the Enhancement Products to be delivered by commercial interstate carrier, including but not limited to, use of the mails in furtherance of their scheme to defraud and mislead consumers of their products.

77.     Defendants have also knowingly advertised, marketed, sold, and/or distributed the Enhancement Products by using interstate telephone calls and/or electronic communications, including but not limited to, using the internet and various online retailers in furtherance of their scheme to defraud and mislead consumers.

78.     Defendants have violated the substantive RICO statute, 18 U.S.C.A. § 1962, as detailed above by receiving income from a pattern of racketeering activity involving interstate commerce, interstate telephone calls, and electronic communications.

79.     Plaintiff has been injured in its business or property by reason of Defendants' violation of section 1962 by, *inter alia*, the diversion of sales to Defendants, which sell products directly in competition with Plaintiff's products, including the Enhancement Products at issue here.

## **PRAYER**

Wherefore, plaintiff JST Distribution, LLC prays for judgment against Defendants as follows:

80.     For preliminary and permanent injunctive relief enjoining Defendants from producing, distributing, marketing, and/or selling any of the Enhancement Products, including but not limited to, Black 3K Plus Male Sexual Enhancement Capsules, Black Panther, ExtenZone, MaxTreme Zen, Rhino 5 1500, Rhino Big Horn 3000, Rhino 9 Premium 3500, Rhino X, RockHard Weekend, Super Panther 7k and Triple PowerZEN Gold;

81.     For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;

82.     For an award of any and all of Defendants' profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;

83.    For restitution of Defendants' ill-gotten gains;

84.    For treble damages in accordance with 15 U.S.C. § 1117;

85.    For treble damages in accordance with 18 U.S.C. § 1964;

86.    For punitive damages;

87.    For costs and attorneys' fees; and

88.    Any other relief the Court may deem appropriate.


DATED:  August 23, 2017                    TAULER SMITH LLP


                                           By: __/s/ Robert Tauler_____
                                               Robert Tauler
                                               JST DISTRIBUTION, LLC

**COMPLAINT**

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:  August 23, 2017                    TAULER SMITH LLP


By: __*/s/ Robert Tauler* _____
Robert Tauler
JST DISTRIBUTION, LLC